Manuel H. Miller Esq. (SB 36947)
LAW OFFICES OF MANUEL H. MILLER
A Professional Corporation
20750 Ventura Boulevard, Suite 440
Woodland Hills, California 91364
Telephone: (818) 710-9993
Facsimile: (818) 710-1938

Jeffrey M. Schwartz, Esq. SBN 254916
SCHWARTZ LAW, P.C.
629 Camino De Los Mares, Suite 203
San Clemente, CA 92673
Ph: (888) 7300-LAW
Fax: (949) 481-8836
jeff@JeffSchwartzLaw.com

Attorneys for Plaintiffs
FRANKLIN RADOFF, individually,
and on behalf of other persons similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| FRANKLIN RADOFF, individually, and on behalf of other persons similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>ELAVON FINANCIAL SERVICES, INC.<br><br>and DOES 1 to 100, inclusive<br><br>Defendants. | Case No. 2:14-CV-03527-SVW-JC<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>1. INTENTIONAL MISREPRESENTATION<br>2. NEGLIGENT MISREPRESENTATION<br>3. BREACH OF CONTRACT<br>4. UNFAIR COMPETITION |
|---|---|

Plaintiff Franklin Radoff, individually and on behalf of all others similarly situated, brings this action against defendant Elavon Financial Services, Inc. and alleges, on information and belief except as to those allegations relating to plaintiff himself, which are asserted on personal knowledge, as follows:

# INTRODUCTION

Plaintiff Franklin Radoff accepts debit and credit card payments for his services. Like other small merchants, Radoff lacks the ability to process such payments. So, he contracted with a credit card processing company to process the payments he received, charge him its then-current processing fee, and remit the remainder to him. That company was eventually acquired by defendant Elavon Financial Services and, for the past six-plus years, Elavon has processed Radoff's payments.

In early 2014, Radoff called Elavon on an unrelated issue and learned, from a customer service representative, that Elavon had amended its fee structure, lowering its processing fees. However, Elavon had not informed Radoff of its amended, then-current lower fees and continued charging him its outdated, higher fees. When Radoff complained about being overcharged, an Elavon customer service representative informed him that unless he called and *requested* the then-current lower fee, Elavon would continue charging him the outdated, higher fee. An Elavon customer service representative admitted to Radoff that he been overcharged and refunded several hundred dollars. But, Elavon refused to refund all of the overcharges it had made to his account.

Radoff brings this class action, pursuant to California Code of Civil Procedure section 382, on behalf of himself and all other persons similarly situated (collectively, Plaintiffs). Plaintiffs seek class-wide recovery of damages for intentional misrepresentation, negligent misrepresentation, breach of contract, and unfair competition.

# PARTIES

1. Plaintiff Franklin Radoff is an individual who is and was, at all relevant times, a resident of Ventura County, California.

2. Defendant Elavon Financial Services, Inc. is a Georgia corporation registered as a foreign corporation with the California Secretary of State and doing business in Ventura County, California.

## JURISDICTION

3. This Court has subject matter jurisdiction under the Class Action Fairness Act (28 U.S.C. § 1332(d)(2)) because there are at least 100 members in the proposed class, all members are California residents whereas Elavon is a resident of Georgia, and the amount in controversy exceeds $5,000,000.

4. This Court has personal jurisdiction over Elavon because it has sufficient minimum contacts with the State of California so as to render the exercise of jurisdiction consistent with traditional notions of fair play and substantial justice.

## CLASS ACTION ALLEGATIONS

5. This action is brought and may be properly maintained as a class action pursuant to California Code of Civil Procedure section 382. Plaintiffs bring this action on behalf of themselves and other class members, defined as California residents who utilize Elavon's services and have been overcharged for those services as a result of Elavon amending and lowering its fees, but withholding this information from Plaintiffs, and continuing to charge them its outdated, higher fees.

6. Excluded from the proposed class are Elavon, any entities in which it has a controlling interest, and its officers, directors, affiliates, attorneys, heirs, predecessors and successors in interest, subsidiaries, employees, agents, and/or assigns.

7. The members of the proposed class are so numerous that joinder of all members is impracticable. While the exact number of class members is unknown at this

SCHWARTZ LAW, P.C.
629 Camino De Los Mares, Suite 203
San Clemente, CA 92673
(888) 7300-LAW

SCHWARTZ LAW, P.C.
629 Camino De Los Mares, Suite 203
San Clemente, CA 92673
(888) 7300-LAW

time and can only be ascertained through discovery, Plaintiffs believe that there are hundreds of members and the amount in controversy exceeds $5,000,000.

8. There are well-defined communities of interest among the members of the proposed class. The factual bases of Elavon's misconduct are common to all members of the class and represent a common practice of wrongful conduct resulting in damages to all members of the proposed class.

9. Radoff, like all members of the class, utilized Elavon to process the debit and credit card payments he received. Elavon amended and lowered its fees, as it had the right to do under its Terms of Service, but withheld this information, and continued charging Radoff and other class members its outdated, higher fees. As a result, Radoff and other class members received less money from each payment than they were entitled to, and suffered harm thereby.

10. There are numerous questions of law and fact common to Plaintiffs and the members of the class and those questions predominate over any questions that may affect individual class members. The common questions of fact include:

    a. Whether Elavon intentionally misrepresented its fees.

    b. Whether Elavon negligently misrepresented its fees.

    c. Whether Elavon breached its contracts with Plaintiffs.

    d. Whether Elavon competed unfairly.

    e. Whether Plaintiffs are entitled to punitive damages.

11. Among the questions of law common to the class are the following:

    a. Whether Elavon had an obligation to inform Plaintiffs of its amended, then-current lower fees.

    b. Whether Elavon was required to charge Plaintiffs its amended, then-current lower fees.

    c. Whether Plaintiffs are entitled to attorney fees.

12. Radoff's claims are typical of those of the other members of the class. Plaintiffs have sustained loss or damage arising out of the common course of conduct as alleged herein.

13. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impracticable. Furthermore, as the damages suffered by each individual class member may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual class members to redress the wrongs done to them. The cost to the court system of such individual adjudication would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and the court system in multiple trials of identical legal and factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each class member.

## FACTUAL ALLEGATIONS

14. Elavon provides debit and credit card processing services in California.

15. Radoff entered into a written contract Superior Bankcard Service to process the debit and credit card payments he received (Exhibit A). In or about 2004, Superior was acquired by Nova which, in or about 2008, was acquired by defendant Elavon.

16. Plaintiffs, including Radoff, utilize Elavon to process the debit and credit card payments they receive.

17. Elavon processed Plaintiff's payments, charged them its processing fees, and remitted the remainder to them.

18. Elavon's Terms of Service provide that it may amend its agreements, including the fees it charges merchants, like Radoff.

SCHWARTZ LAW, P.C.
629 Camino De Los Mares, Suite 203
San Clemente, CA 92673
(888) 7300-LAW

19. Sometime before early 2014, Elavon amended and lowered its processing fees.
20. Elavon withheld from Plaintiffs that it had amended and lowered its fees and continued to charge Plaintiffs its outdated, higher fees.
21. As a result of Elavon continuing to charge its outdated, higher fees, Plaintiffs were overcharged and received less from each payment than they would have if Elavon had charged its amended, then-current lower fees.
22. Plaintiffs were harmed by receiving less than they were entitled to from each payment Elavon processed.
23. In 2013 and 2014, Elavon mailed statements to Plaintiffs representing that it was entitled to charge its outdated, higher fees instead of its amended, then-current lower fees.
24. In 2013 and 2014, Elavon mailed payments to Plaintiffs representing that it was entitled to charge its outdated, higher fees instead of its amended, then-current lower fees.
25. In 2014, Elavon admitted to Radoff that it had misrepresented the fees it was entitled to charge him. Elavon refunded several hundred dollars to Radoff but refused to refund all of the overcharges it had made to his account.

### FIRST CAUSE OF ACTION FOR INTENTIONAL MISREPRESENTATION

26. Plaintiffs incorporate by reference and re-allege each and every allegation contained above as though fully set forth herein.
27. In 2013 and 2014, Elavon intentionally mailed statements to Plaintiffs representing that the fees shown on the statements were its then-current fees.
28. In 2013 and 2014, Elavon intentionally mailed statements to Plaintiffs representing that it was entitled to charge its outdated, higher fees.
29. In 2013 and 2014, Elavon intentionally mailed statements to Plaintiffs representing that it was entitled to charge the fees shown on the statements.

SCHWARTZ LAW, P.C.
629 Camino De Los Mares, Suite 203
San Clemente, CA 92673
(888) 7300-LAW

30. In 2013 and 2014, Elavon intentionally issued payments to Plaintiffs representing that the fees charged were its then-current fees.

31. In 2013 and 2014, Elavon intentionally issued payments to Plaintiffs representing that it was entitled to charge its outdated, higher fees rather than its amended, then-current lower fees.

32. In 2013 and 2014, Elavon intentionally issued payments to Plaintiffs representing that it was entitled to charge the fees it charged.

33. In 2013 and 2014, Elavon intentionally represented to Plaintiffs that it charged them its then-current fees.

34. By the charges it deducted from Plaintiffs' payments, and the statements, payments, and other communications Elavon made to them, it intentionally represented that it was entitled to charge its outdated, higher fees rather than its amended, then-current lower fees.

35. Elavon's representations were false.

36. Elavon knew its representations were false when it made them or made such representations recklessly and without regard for their truth.

37. Elavon intended that Plaintiffs rely upon its representations.

38. Plaintiffs reasonably relied upon Elavon's representations because they had an ongoing business relationship, Elavon withheld the fact that it had amended and lowered its fees, and Plaintiffs lacked any information of the amendment.

39. Plaintiffs were harmed by receiving less from each payment than they were entitled to.

40. Plaintiffs' reliance upon Elavon's representations was a substantial factor in causing Plaintiffs' harm.

41. In 2014, Elavon admitted to Radoff that it had misrepresented the fees it was entitled to charge him. Elavon refunded several hundred dollars to Radoff but refused to refund all of the overcharges it had made to his account.

SCHWARTZ LAW, P.C.
629 Camino De Los Mares, Suite 203
San Clemente, CA 92673
(888) 7300-LAW

42. Elavon's conduct was malicious because it acted with an evil motive, wilfully and wrongfully, with the intent to use its trusted position to harm Plaintiffs by overcharging them, and to profit thereby.

43. Elavon's conduct was oppressive because it subjected Plaintiffs to cruel and unjust hardship in conscious disregard of their legal and contractual rights and their financial wellbeing.

44. Elavon's conduct was fraudulent because it intentionally misrepresented the fees it was entitled to, thereby depriving Plaintiffs of their legal and contractual rights, monies they were owed, and otherwise causing them injury.

## SECOND CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION

45. Plaintiffs incorporate by reference and re-allege each and every allegation contained above as though fully set forth herein.

46. In 2013 and 2014, Elavon mailed statements to Plaintiffs representing that the fees shown were its then-current fees.

47. In 2013 and 2014, Elavon mailed statements to Plaintiffs representing that it was entitled to charge its outdated, higher fees rather than its amended, then-current lower fee.

48. In 2013 and 2014, Elavon mailed statements to Plaintiffs representing that it was entitled to charge the fees shown on the statements.

49. In 2013 and 2014, Elavon issued payments to Plaintiffs representing that the fees charged were its then-current fees.

50. In 2013 and 2014, Elavon issued payments to Plaintiffs representing that it was entitled to charge its outdated, higher fees rather than its amended, then-current lower fees.

51. In 2013 and 2014, Elavon issued payments to Plaintiffs representing that it was entitled to charge the fees it charged.

52. In 2013 and 2014, Elavon represented to Plaintiffs that it charged them the fees it was entitled to charge at that time.

53. By the charges it deducted from Plaintiffs' payments and the statements, payments, and other communications Elavon made to them, it represented that it was entitled to charge its outdated, higher fees rather than its amended, then-current lower fees.

54. Elavon's representations were false.

55. Although Elavon may have honestly believed that its representations were true, it had no reasonable grounds for believing so when it made them.

56. Elavon intended that Plaintiffs rely on its representations.

57. Plaintiffs reasonably relied upon Elavon's representations because they had an ongoing business relationship, Elavon withheld the fact that it had amended and lowered its fees, and Plaintiffs lacked any information of the amendment.

58. Plaintiffs were harmed by receiving less from each payment than they were entitled to.

59. Plaintiffs' reliance upon Elavon's representations was a substantial factor in causing their harm.

60. In 2014, Elavon admitted to Radoff that it had misrepresented the fees it was entitled to charge him. Elavon refunded several hundred dollars to Radoff but refused to refund all of the overcharges it had made to his account.

### THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT

61. Plaintiffs incorporate by reference and re-allege each and every allegation contained above as though fully set forth herein.

62. Plaintiffs entered into written contracts with Elavon (or its predecessor-in-interest) under which it was to process debit and credit card payments for Plaintiffs, charge its then-current fees, and remit the balance to Plaintiffs.

63. Prior to early 2014, Elavon amended its fees, lowering them.

SCHWARTZ LAW, P.C.
629 Camino De Los Mares, Suite 203
San Clemente, CA 92673
(888) 7300-LAW

64. Elavon's policy was to withhold the information that it amended its fees, and continue charging Plaintiffs its outdated, higher fees until each individual Plaintiff learned about the amended fees and specifically requested that it be charged the then-current, lower rate.

65. In 2013 and 2014, Elavon breached its contract with Plaintiffs by overcharging them.

66. In 2014, Elavon admitted to Radoff that it had misrepresented the fees it was entitled to. Elavon refunded several hundred dollars to Radoff but refused to refund all of the overcharges it had made to his account.

67. Plaintiffs were harmed by receiving less from each payment than they were entitled to.

68. Elavon's conduct was a substantial factor in causing Plaintiffs' harm.

### FOURTH CAUSE OF ACTION FOR UNFAIR COMPETITION

69. Plaintiffs incorporate by reference and re-allege each and every allegation contained above as though fully set forth herein.

70. Business and Professions Code section 17200 et seq., known as the Unfair Competition Law (the "UCL"), prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent or deceptive business act or practice.

71. The UCL is a "borrowing" statute. It does not make conduct illegal; rather it permits civil prosecution of acts of "unfair competition" defined elsewhere.

72. In 2013 and 2014, Elavon withheld the information that it had amended and lowered its fees, misrepresented that the fees it charged Plaintiffs were its then-current fees, and retained the difference between the outdated, higher fees it charged and the lower, then-current fees it was actually entitled to. This is unlawful because it is a misrepresentation of an important fact which caused Plaintiffs harm.

73. Elavon unfairly breached its contract with Plaintiffs, withheld the information that it had amended and lowered its fees, misrepresented its then-current fees, overcharged Plaintiffs, and unfairly profited by retaining the difference between the outdated, higher fees it charged Plaintiffs and the lower, then-current fees it was actually entitled to.

74. Elavon deceived Plaintiffs by withholding the information that it had amended and lowered its fees, misrepresenting the fees it was entitled to, and failing to remit to Plaintiffs all of the money due them.

75. Plaintiffs were harmed by receiving less from each payment than they were entitled to.

76. By its illegal conduct, as alleged herein, Elavon gained an unfair advantage over competitors who do not overcharge their merchants. Elavon's scheme permitted it to attract new merchants with lower pricing than its competitors because it could offset that lower pricing with the extra money it gained by illegally overcharging Plaintiffs.

77. As a direct and proximate result of Elavon's unlawful, unfair, and deceptive business practices, Plaintiffs and Elavon's competitors have been injured.

**WHEREFORE, Plaintiffs seek judgment as follows:**

1. Damages in an amount to be determined at trial;
2. Disgorgement of the monies Elavon overcharged Plaintiffs;
3. Pre and post-judgment interest;
4. Punitive damages in an amount sufficient to punish and to make an example of Elavon, and to deter others from engaging in similar conduct;
5. Costs of suit;
6. Reasonable attorney's fees (including Code of Civil Procedure section 1021.5);
7. Such other and further relief as the Court deems proper.

**JURY TRIAL DEMANDED**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: January 27, 2015          SCHWARTZ LAW, P.C.

                       By:    s/Jeffrey M. Schwartz
                               Jeffrey M. Schwartz
                               Attorney for Plaintiffs

SCHWARTZ LAW, P.C.
629 Camino De Los Mares, Suite 203
San Clemente, CA 92673
(888) 7300-LAW

12
THIRD AMENDED COMPLAINT